### D. Trueblood *v.* The State.

New Trial.—Disqualification of a petit juror, not discovered until after the trial, is not cause for a new trial unless it be apparent that the party has not been wanting in diligence, and that injury has resulted to him.

Appeal from the District Court of Wharton. Tried below before the Hon. W. H. Burkhart.

The indictment was for the theft of a steer. The appellant was found guilty, and his punishment was assessed by the jury at two years in the penitentiary.

No brief for the appellant.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J. The specific grounds relied on, both in the motion for new trial and in the assignment of errors, are:

1st. The refusal of the judge to charge the jury, at the request of the defendant, the law on the subject of a voluntary return of stolen property before prosecution commenced.

2d. That one of the jurors who sat on the trial had not attained the age of twenty-one years, and was on that account an incompetent juror.

With reference to the 1st proposition, it is sufficient to say the evidence did not warrant the instruction asked, as any part of the law applicable to the case as made by the proofs. We find no evidence whatever of a voluntary return of the property alleged to have been stolen. On the contrary, notice being given to the alleged owner of the property, it seems that he went into the woods where the accused was found with the property, and there took possession of it; and, for aught that appears from the evidence, whether the defendant would or not.

As to the other proposition, the non-age of one of the jurors—coming at the time it did, after the jury had been impaneled and sworn, and after the trial had ended and a verdict returned—it is not shown that the juror was in fact under age. The evidence on the subject was conflicting ; the juror, having his attention directed to his age at the time the jury was being formed, qualified himself to serve upon the jury. The court held him competent, and, upon hearing evidence on the subject when considering the motion for new trial, refused to set the verdict aside on that ground.

A new trial will not be granted because of the disqualification of a juror, not discovered until after trial, unless it be made to appear that the difficulty did not arise from the want of diligence on the part of the party affected by the verdict, but it must also be made to appear that injury resulted to the party by reason thereof. *Roseborough* v. *The State*, 43 Texas, 574 ; *O'Mealy* v. *The State*, Austin term, 1876, of this court, *ante* p. 180 ; *Brill* v. *The State*, decided at the present term, *ante* p. 572 ; 2 Gra. & Wat. on New Trials, 764.

It appears affirmatively in the record that the accused had not exhausted his peremptory challenges, and that one of the attorneys for the defendant, agreeably to his own statement, knew the age of the juror as he knew the ages of members of his own family, and the juror had been raised in the family.

The other grounds set out in the motion for new trial and in the assignment of errors do not appear from the record to be well taken.

The judgment of the district court is affirmed.

*Affirmed.*